UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 7/9/12

------------------------------------

CURTIS COST,

                Plaintiff,

    - against -

SUPERMEDIA,

                Defendant.

10 Civ. 4066 (JGK)

MEMORANDUM OPINION AND ORDER

------------------------------------

JOHN G. KOELTL, District Judge:

    The Court has received the attached correspondence from the plaintiff, which it forwards to the parties.

    The plaintiff indicates that he would like to submit further papers in support of his motion. However, the plaintiff has already submitted an opposition to the defendant's motion to dismiss, and the defendant has replied. Surreply briefs may only be submitted with leave of the Court. Because the plaintiff has had an adequate opportunity to respond to the defendant's motion to dismiss, the plaintiff's request to file a surreply brief is denied.

    The plaintiff also requests that the Court appoint pro bono counsel for him. The Court of Appeals for the Second Circuit has articulated factors that should guide the Court's discretion to appoint counsel to represent an indigent civil litigant under 28 U.S.C. § 1915. See Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986); Jackson v. Moscicki, No. 99 Civ. 2427 (JGK), 2000 WL 511642, at *4 (S.D.N.Y. Apr. 27, 2000). For the

Court to order the appointment of counsel, the plaintiff must, as a threshold matter, demonstrate that his claim has substance or a likelihood of success on the merits. See Hodge, 802 F.2d at 60-61. Only then can the Court consider the other factors appropriate to determination of whether counsel should be appointed: "plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989). The plaintiff has not yet made such a showing. The plaintiff's application for the Court to appoint counsel is therefore **denied without prejudice** for failure to make the required showing at this time.

SO ORDERED.

Dated: New York, New York
July 7, 2012

_____
John G. Koeltl
United States District Judge

Curtis Cost
3525 Perry Ave Apt 4B
Bronx, NY 10467
(347) 335-6455



June 29, 2012, 2012

Honorable John G. Koeltl, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

                    Re: Curtis Cost v. SuperMedia
                    Civil File No.: 10 Civ 4066

To: Judge Koeltl:

A few weeks ago I received a voice message from the Defendant's lawyer asking if I had any objections to their being given additional time to reply. I assumed that your Honor had requested that they reply to my answer. I had not checked my voice messages in a few days, but as soon as I did I immediately called them and spoke directly to Mr. Martin W. Aron and I stated that I had no objections to their having additional time. He informed me that they had already submitted their reply.

I later received the documents that they submitted. I called the Pro Se clerk's office and informed them that I wished to reply to those documents, but I was told that I had to make a special request called a SURE, of your Honor to respond to their documents. I was confused by this because I wasn't aware of such a request being necessary or that the Defendant had made such a request. This procedure I am not clear about.

I would like to request that I be given an opportunity to respond to their reply to my answer. There are misleading claims made in the plaintiff's documents. I would also like to request that a Pro Bono attorney be assigned to represent me in this case.

I would like to add that my computer malfunctioned and has been in the repair shop for the past two weeks. I did not wish to respond by writing this by hand which is why I was unable to submit this request earlier.

Sincerely,

*Curtis Cost* (signature)

Curtis Cost

(see attached)

*A copy of this letter has been mailed to the defendant's attorney* (handwritten)