**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────────────
**CURTIS COST,**

               **Plaintiff,**

      - against -                      **10 Civ. 4066 (JGK)**

**SUPER MEDIA,**                      **OPINION AND ORDER**

               **Defendant.**
────────────────────────────────────────
**JOHN G. KOELTL, District Judge:**

The plaintiff Curtis Cost, proceeding pro se, brings this action against the defendant Super Media under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. ("Title VII"); the New York State Human Rights Law, N.Y. Exec. Law § 296; and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107.  The plaintiff's claims derive from his termination in 2007, which he claims was motivated by racial discrimination and retaliation for his previous complaints regarding his treatment by the defendant.  The defendant now moves to dismiss the plaintiff's claims as untimely, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The defendant also moves to dismiss the Amended Complaint because it is barred by orders of a Bankruptcy Court.  For the reasons explained below, while the claims are not time barred, they are barred by Bankruptcy Court orders.

1

**I.**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced

in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002).

## II.

The following facts are undisputed unless otherwise noted.

The plaintiff began working for Verizon in January 2005 in the Superpages.com division.  Amended Complaint ("Am. Compl.") ¶ 2.  On April 17, 2007, the plaintiff received a letter dated April 12, 2007, informing him that he had been terminated effective March 19, 2007, "for sales fraud/violating the Company's Code of Business Conduct."  Am. Compl. ¶ 18.  The plaintiff alleges that the defendant subjected him to continuous, racially-based harassment that culminated in his termination without just cause.  Am. Compl. ¶ 20.  In January 2008 the plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC").  Am. Compl. 3.

Verizon was the predecessor entity to Idearc Media Sales – East Co. ("Idearc").  Am. Compl. ¶ 2 n.1.  At the time of the

plaintiff's termination, Idearc was the plaintiff's employer. Id.  On March 31, 2009, while the plaintiff was awaiting the ruling of the EEOC, Idearc filed a voluntary petition of reorganization under chapter 11 of the Bankruptcy Code.  In re Idearc, 423 B.R. 138, 147 (Bankr. N.D. Tex. 2009).  On December 22, 2009, the Bankruptcy Court issued an Order (the "Confirmation Order") confirming Idearc's First Amended Joint Plan of Reorganization (the "Plan").  See Confirmation Order, In re Idearc, No. 09 31828 (Bankr. N.D. Tex. Dec. 22, 2009), ECF No. 1639; Aron Aff. Ex. E.  The Confirmation Order and Plan provided for the discharge and release of all "claims" against Idearc:

> ...upon the occurrence of the Effective Date [December 31, 2009],[1] the Debtors shall be discharged from all Claims and causes of action to the fullest extent permitted by section 1141 of the Bankruptcy Code, and all holders of Claims against Idearc Interests shall be precluded from asserting against the Debtors, their assets, any property dealt with under the Plan, or the Reorganized Debtors, any further or other claim or cause of action based upon any act or omission, transaction, event, thing, or other activity of any kind or nature that occurred or came into existence prior to the Effective Date [December 31, 2009].

---

[1] The Effective Date was confirmed as December 31, 2009, in a subsequent order of the Bankruptcy Court.  See Notice of Occurrence of Effective Date, In re Idearc, No. 09 31828 (Bankr. N.D. Tex. Dec. 22, 2009), ECF No. 1675; Aron Aff. Ex. F.

4

Confirmation Order at 30; Aron Aff. Ex. E., at 30.  Defendant Super Media is the post-bankruptcy name of Idearc.  See Order Sustaining Debtor's Objection to Proof of Claim Number 1572 Filed by Curtis Cost ("Proof of Claim Denial"), In re Idearc, No. 09 31828 (Bankr. N.D. Tex. Feb. 10, 2010), ECF No. 1800; Aron Aff. Ex. H.

On August 7, 2009, prior to December 31, 2009, the Effective Date of the Confirmation Order and Plan, the plaintiff filed a Proof of Claim form with the Bankruptcy Court for $500,000 on the basis of his wrongful termination.  Aron Aff. Ex. G.  On January 4, 2010, after the Effective Date, the EEOC issued its ruling in which it determined that it was unable to conclude that a violation had occurred and issued a right-to-sue letter to the plaintiff.  Aron Aff. Ex. C.  On January 8, 2010,[2] the plaintiff received the EEOC's right-to-sue letter, which stated that the plaintiff's lawsuit, if he wishes to bring one, "must **be filed WITHIN 90 DAYS of your receipt of this notice;** or your right-to-sue based on this charge will be lost."  Aron Aff. Ex. C (emphasis in original).

---

[2] By letter dated January 7, 2010, the plaintiff's lawyer sent the right-to-sue letter to the plaintiff.  See Berenbaum Letter of January 7, 2010, Aron Aff. Ex. C.  The plaintiff states that he received the right-to-sue letter on January 8, 2010.  Am. Compl. 4.

On February 9, 2010, the Bankruptcy Court, sustaining Idearc/Super Media's objections to Cost's proof of claim, "disallowed and expunged" his claim in its entirety.  See Proof of Claim Denial; Aron Aff. Ex. H.  The court ordered that "Curtis Cost shall receive no distribution from the Reorganized Debtors' estates on account of [his] Proof of Claim...."  See Proof of Claim Denial; Aron Aff. Ex. H.

On April 7, 2010, the plaintiff filed an in forma pauperis ("IFP") application and complaint with the Pro Se Office of this Court.  On May 14, 2010, Chief Judge Preska signed the plaintiff's IFP application and authorized the plaintiff to proceed IFP.  Thereafter, on May 17, 2010, the plaintiff's complaint was docketed with the Court.  The plaintiff subsequently filed an Amended Complaint dated November 21, 2011.  The defendant now moves to dismiss the Amended Complaint.

**III.**

The first issue is whether the plaintiff's Title VII claim is time-barred.  In order to be timely, an action pursuant to Title VII must be commenced within ninety days after the claimant's receipt of a right-to-sue letter from the EEOC.  Tiberio v. Allergy Asthma Immunology of Rochester, 664 F.3d 35, 37 (2d Cir. 2011) (citing 42 U.S.C. § 2000e-5(f)(1)).  Rule 3 of the Federal Rules of Civil Procedure provides that "[a] civil action is commenced by filing a complaint with the court."  Fed. R. Civ. P. 3.  However, "where, as here, a plaintiff is proceeding pro se, numerous courts have held that simultaneous delivery of both a request to proceed IFP and a complaint with the court tolls the 90-day statute of limitations period in discrimination cases."  Ocasio v. Fashion Inst. of Tech., 86 F. Supp. 2d 371, 375 (S.D.N.Y. 2000) (citing Janneh v. Regency Hotel, Binghamton, 879 F. Supp. 5, 6 (N.D.N.Y. 1995) ("The 90-day period is tolled when the plaintiff files his in forma pauperis application and remains tolled while the application is pending.")); Stephenson v. CNA Fin. Corp., 777 F. Supp. 596, 598-99 (N.D. Ill. 1991) (same)).

In this case the plaintiff received his right-to-sue letter on January 8, 2010. The plaintiff filed his IFP application and complaint with the Pro Se Office on April 7, 2010, one day shy of the 90-day deadline. The plaintiff's delivery of his IFP request and complaint "tolled the 90-day statute of limitations before the 90 days had run." Ocasio, 86 F. Supp. 2d at 375. Thus, the subsequent decision to grant the plaintiff's IFP application and accept his original complaint for filing occurred within the statute of limitations period. See id.

Moreover, a pro se plaintiff's complaint is considered filed as of the date it is received by the Pro Se Office. See Toliver v. Cnty. Of Sullivan, 841 F.2d 41, 42 (2d Cir. 1988) (per curiam) ("where [IFP] relief is granted, the action should be treated as timely, provided the complaint was received by the clerk's office prior to the expiration of the limitations period."); see also Wilson v. N.Y.C. Police Dep't, No. 09 Civ. 2632, 2011 WL 1215031, at *14 n.9 (S.D.N.Y. Feb. 4, 2011); Jackson v. N.Y. State Dep't of Labor, 709 F. Supp. 2d 218, 228 n.5 (S.D.N.Y. 2010) ("Where a pro se plaintiff submits her complaint to the Pro Se Office, and the complaint is not filed until a later date, 'the date that [the plaintiff] filed his complaint with the Pro Se Office . . . is the relevant date for

purposes of determining whether [her] claims are time-barred.'") (citation omitted).  Here, the plaintiff submitted his complaint to the Pro Se Office on April 7, 2010, within the 90-day statutory period.  Accordingly, the plaintiff's Title VII claim is not time barred.

**IV.**

The plaintiff's claims under the New York State Human Rights Law and New York City Human Rights Law are similarly not time-barred.  The statute of limitations for a violation of the New York State Human Rights Law and New York City Human Rights Law is three years.  See Akhtab v. BCBG Max Azria Group Inc., No. 11 Civ. 4567, 2011 WL 4888799, at *1 (S.D.N.Y. Oct. 13, 2011) (citing N.Y. C.P.L.R. § 214(2); N.Y.C. Admin. Code § 8-502(d)).  In this case, the plaintiff alleges that the defendant's discriminatory practices and harassment culminated in his termination on April 17, 2007.  The defendant therefore had until April 17, 2010 to file his claims.  Because "a pro se plaintiff's complaint is ordinarily considered filed as of the date it is received by the Pro Se Office," Wilson, 2011 WL 1215031, at *14 n.9, and because the plaintiff filed his

complaint with the Pro Se Office on April 7, 2010, the claims were timely filed.  Therefore, the New York state law claims are not time barred.[3]

## V.

The final issue is whether the Bankruptcy Court Confirmation Order and Plan and its order disallowing the plaintiff's claim eliminated the plaintiff's claims against Idearc and its successor Super Media.

"Under Section 1141 of the Bankruptcy Code, a [B]ankruptcy [C]ourt's confirmation of a reorganization plan discharges the debtor from any debt that arose before the date of the confirmation, regardless of whether proof of the debt is filed,

---

[3] The plaintiff also argues that the statute of limitations was tolled while his claims were pending with the EEOC.  Numerous courts have held that the three-year statute of limitations "is tolled during the period in which a complaint is filed . . . with the EEOC."  Lee v. Overseas Shipholding Group, Inc., 00 Civ. 9682, 2001 WL 849747, at *8 (S.D.N.Y. July 30, 2001) (citing Martinez Tolentino v. Buffalo State College, 715 N.Y.S.2d 554, 555 (App. Div. 2000); see also Wilson v. N.Y.C. Police Dept., No. 09 Civ. 2632, 2011 WL 1215735, *4 (S.D.N.Y. Mar. 25, 2011); Ritterband v. Hempstead Union Free Sch. Dist., 06 Civ. 6628, 2008 WL 3887605, at *9 n.9 (E.D.N.Y. Aug. 20, 2008); Siddiqi v. N.Y.C. Health & Hosp. Corp., 572 F. Supp. 2d 353, 373 (S.D.N.Y. 2008) ("The statute of limitations is tolled during the period in which a complaint is filed with the EEOC.").  In any event, it is plain that even without tolling the claims are not time barred.

the claim is disallowed, or the plan is accepted by the holder of the claim." Holmes v. Air Line Pilots Ass'n, Int'l, 745 F. Supp. 2d 176, 195-96 (E.D.N.Y. 2010) (citing 11 U.S.C. § 1141(d)(1)(A)). A "debt" is defined to mean "liability on a claim," and a "claim" is defined to include any "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. §§ 101(5)(A), (12); see also Holmes, 745 F. Supp. 2d at 195-96. Employment discrimination claims that arise before the effective date of the confirmation of a reorganization plan under § 1141 are discharged by the effectuation of the plan. See Holmes, 745 F. Supp. 2d at 195-97; Carter v. Safety-Kleen Corp., No. 06 Civ. 12947, 2007 WL 1180581, at *4-5 (S.D.N.Y. Mar. 14, 2007).

The Confirmation Order provided that Idearc/Super Media "shall be discharged from all Claims and causes of action to the fullest extent permitted by section 1141 of the Bankruptcy Code, and all holders of Claims and Idearc Interests shall be precluded from asserting against the . . . Reorganized Debtors, any . . . claim or cause of action based upon any act or omission, transaction, event, thing, or other activity of any

kind or nature that occurred or came into existence prior to the Effective Date." Confirmation Order at 30; Aron Aff. Ex. E., at 30. Thus, the Confirmation Order discharged and released all debts and claims that existed before December 31, 2009, the Effective Date of the Plan. See Holmes, 745 F. Supp. 2d at 195-98; Carter, 2007 WL 1180581, at *4-5.

Accordingly, the applicability of the Confirmation Order and the Plan to the plaintiff's claims against Idearc/Super Media depends on whether the plaintiff's claims arose prior to December 31, 2009. A claim arises, for the purposes of discharge in bankruptcy cases, at the time of the events giving rise to the claim, not at the time the plaintiff is first able to file suit on the claim. Carter, 2007 WL 1180581, at *4-5. "Moreover, when determining whether a claim arises before or after the date of the Bankruptcy Plan's confirmation, courts must look to the relevant non-bankruptcy law that serves as the basis for the claim, namely, employment discrimination law . . . ." Holmes, 745 F. Supp. 2d at 196. In employment discrimination cases, a claim is deemed to arise "on the date the employee learns of the employer's discriminatory conduct." Id. (citing Flaherty v. Metromail Corp., 235 F.3d 133, 137 (2d Cir. 2000)). Because the plaintiff admits that he was

12

terminated in April 2007, and bases his claims solely on discrimination that occurred during his employment from 2005 to 2007, his claims necessarily arose prior to the Effective Date, December 31, 2009.

Any argument by the plaintiff that the EEOC right-to-sue letter gave him 90 days to bring suit, regardless of the Plan and Confirmation Order, is unavailing. "[W]hether § 1141(d) discharges an employment discrimination claim hinges on when the alleged misconduct occurred, not when the EEOC issued the right-to-sue letter." Carter, 2007 WL 1180581, at *4 (citing O'Loghlin v. Cnty. of Orange, 229 F.3d 871, 874-75 (9th Cir. 2000); McSherry v. TWA, Inc., 81 F.3d 739, 741 (8th Cir. 1996)). The alleged discrimination took place between 2005 and 2007, long before the Effective Date of the Plan and Confirmation Order. The EEOC right-to-sue letter could not resuscitate claims that had already been discharged by the Bankruptcy Court. Because the date of the issuance of a right-to-sue letter is irrelevant to the application of § 1141(d), the plaintiff's Title VII claim has been discharged under the Bankruptcy Code. Similarly, because the plaintiff's claims under New York state law arose prior to the Confirmation Order, those claims were

also discharged under the Bankruptcy Code.  The defendant's motion to dismiss the plaintiff's claims is therefore granted.

In addition, although the plaintiff's claims would be discharged by the Confirmation Order and the Plan, "regardless of whether ...the claim is disallowed," 11 U.S.C. § 1141(d)(1)(A) (emphasis added), the fact that the plaintiff's proof of claim was rejected by the Bankruptcy Court provides another reason that his claims are now barred in this Court.

The Bankruptcy Court ordered that the plaintiff's claim should be "disallowed and expunged in its entirety," and that "Curtis Cost shall receive no distribution from the Reorganized Debtors' estates on account of [his] Proof of Claim . . . ," Proof of Claim Denial; Aron Aff. Ex. H.  The Bankruptcy Court order sustaining the defendant's objections and expunging the plaintiff's proof of claim was a final judgment on the merits by a court of competent jurisdiction, and is a predicate for res judicata.  Moore v. Wiz, No. 02 Civ. 5021, 2008 WL 2357406, at *1 (E.D.N.Y. June 4, 2008); see also EDP Med. Computer Sys. v. United States, 480 F.3d 621, 625 (2d Cir. 2007) (allowance of an uncontested proof of claim constitutes a final judgment as is a predicate for res judicata.  As a consequence of the Bankruptcy

14

Court order, the plaintiff cannot relitigate the issue in this Court. See Moore, 2008 WL 2357406, at *1.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. The defendant's motion to dismiss the Amended Complaint is **granted. The Clerk is directed to enter judgment dismissing the Amended Complaint. The Clerk is also directed to close all pending motions and to close this case.**

SO ORDERED.

Dated:   New York, New York
         October 1, 2012

_____
       John G. Koeltl
United States District Judge